IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DIANE JOHNSON, on behalf of herself and others similarly situated, <br>                          Plaintiff, <br> v. <br> MATTRESS WAREHOUSE, INC., <br>                          Defendant. | CIVIL ACTION <br><br> NO. _____ <br><br> CLASS/COLLECTIVE ACTION <br><br> JURY TRIAL DEMANDED |

**COMPLAINT – CLASS/COLLECTIVE ACTION**

Diane Johnson ("Plaintiff") brings this lawsuit against Mattress Warehouse, Inc. ("Defendant"), seeking all available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq., and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, et seq. Plaintiff's FLSA claim is asserted as a collective action under 29 U.S.C. § 216(b), while her PMWA claim is asserted as a class action under Federal Rule of Civil Procedure 23. See Knepper v. Rite Aid Corp., 675 F.3d 249 (3d Cir. 2012) (collective and class claims may proceed together in the same lawsuit).

**JURISDICTION AND VENUE**

1. Jurisdiction over the FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. Jurisdiction over the PMWA claim is proper under 28 U.S.C. § 1367.

3. Venue in this Court is proper under 28 U.S.C. § 1391.

**PARTIES**

4. Plaintiff resides in Philadelphia, PA.

5. Defendant is a corporate entity headquartered in Frederick, MD.

6. Plaintiff is an employee covered by the FLSA and PMWA.

7. Defendant is an employer covered by the FLSA and PMWA.

## FACTS

8. Defendant operates over 250 retail mattress stores located in this judicial district and beyond.

9. Defendant employs salespeople who work at the stores, selling mattresses and related goods to store customers.

10. Plaintiff has been employed by Defendant as a salesperson since the Summer of 2017 and has been assigned to various stores throughout Southeastern Pennsylvania.

11. Each 14-day pay period, Defendant pays Plaintiff and other salespeople the greater of (i) a base hourly rate multiplied by the number of hours worked during the pay period or (ii) the combined amount of bonuses and commissions earned during the pay period. See, e.g., Plaintiff's Offer Letter, attached as Exhibit A ("You will be paid on a bi-weekly basis. Your base hourly rate will be $13.50 (no overtime wages), **or** combined commissions & bonus incentives earned during any given pay period, whichever amount (hourly rate or combined commissions and bonus) is greater . . . ."). Plaintiff's base hourly rate is $13.50.

12. Under the above compensation plan, Plaintiff and other salespeople can work for long stretches of time without their purported commissions or bonuses ever having any impact on their pay.

13. For example, Plaintiff was paid her "base hourly rate multiplied by the number of hours worked" during every pay period between April 22, 2018 and October 6, 2018.

14. Plaintiff and other salespeople regularly work over 40 hours per week. For example, Plaintiff was credited with working 106.18 hours during the two-week period between

February 10, 2019 and February 23, 2019.

15. Plaintiff and other salespeople do not receive any overtime pay for hours worked over 40 per week. See, e.g., Exhibit A ("no overtime wages").

## CLASS/COLLECTIVE ACTION ALLEGATIONS

16. Plaintiff brings her FLSA claim as a collective action pursuant to 29 U.S.C. §216(b) and brings her PMWA claim as a class action pursuant to Federal Rule of Civil Procedure 23. She sues on behalf of all salespeople employed by Defendant during any week within the past three years. The putative FLSA collective covers all salespeople throughout the United States, while putative Rule 23 class is limited to salespeople employed in Pennsylvania.

17. Plaintiff's FLSA claim should proceed as a collective action because she and other putative collective members, having worked pursuant to the common compensation policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

18. Class action treatment of Plaintiff's PMWA claim is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

19. The class, upon information and belief, includes hundreds of salespeople, all of whom are readily ascertainable based on Defendant's payroll records and are so numerous that joinder of all class members is impracticable.

20. Plaintiff is a class member, her claims are typical of the claims of other class members, and she has no interests that are antagonistic to or in conflict with the interests of other class members.

21. Plaintiff and her lawyers will fairly and adequately represent the class members and their interests.

22. Questions of law and fact are common to all class members, because, *inter alia*, this action concerns Defendant's common compensation policies, as described herein. The legality of these policies will be determined through the application of generally applicable legal principles to common facts.

23. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

## COUNT I
### (Alleging FLSA Violations)

24. All previous paragraphs are incorporated as though fully set forth herein.

25. The FLSA requires that employees receive overtime premium compensation "not less than one and one-half times" their regular pay rate for hours worked over 40 per week. *See* 29 U.S.C. § 207(a)(1).

26. Defendant violated the FLSA by failing to pay Plaintiff and the FLSA collective overtime premium compensation for all hours worked over 40 per week.

27. In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions and, as such, willfully violated the FLSA.

## COUNT II
### (Alleging PMWA Violations)

28. All previous paragraphs are incorporated as though fully set forth herein.

29. The PMWA requires that employees receive overtime premium compensation "not less than one and one-half times" the employee's regular pay rate for hours worked over 40 per week. *See* 43 P.S. § 333.104(c).

30. Defendant violated the PMWA by failing to pay Plaintiff and the Rule 23 class overtime premium compensation for all hours worked over 40 per week.

## JURY DEMAND

Plaintiff demands a jury trial as to all claims so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of herself and other members of the class/collective, seeks the following relief:

A. Unpaid overtime wages and prejudgment interest;

B. Liquidated damages to the fullest extent permitted under the FLSA;

C. Litigation costs, expenses, and attorneys' fees; and

D. Such other and further relief as the Court deems just and proper.

Date: February 14, 2020

Respectfully,

/s/ Peter Winebrake
Peter Winebrake
R. Andrew Santillo
Mark J. Gottesfeld
Winebrake & Santillo, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
(215) 884-2491

*Plaintiff's Counsel*

## CONSENT TO BECOME PARTY PLAINTIFF

I hereby consent, pursuant to Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), to become a party plaintiff in the accompanying FLSA action. I understand that I will be bound by the judgment of the Court on all issues in this case.

_____
Signature

Diane Johnson
Print Name

# MATTRESS Warehouse℠

June 22, 2017

Diane Johnson
5639 North 20th Street
Philadelphia, Pa. 19144

Dear Diane,

Mattress Warehouse is pleased to confirm our verbal offer for the position of Sales Professional. This position reports to Peter Varcos, District Sales Manager, with duties similar to those discussed during your interview including but not limited to all daily sales and showroom operations guidelines, excellent customer service, store maintenance, selling process execution, and customer follow up. Your start date will be July 10, 2017, or sooner if you are available.

You will be paid on a bi-weekly basis. Your base hourly rate will be $13.50 (<u>no</u> overtime wages), <u>or</u> combined commissions & bonus incentives earned during any given pay period, whichever amount (hourly rate or combined commission & bonus) is greater, less applicable withholdings paid in accordance with Mattress Warehouse's normal payroll practices.

All compensation, benefits and employer programs will be administered in accordance with Mattress Warehouse's policies and procedures, and may include waiting periods and other eligibility requirements to participate. These policies and programs may change from time to time, without notice, during the course of your employment.


EXHIBIT A

1

# MATTRESS
## Warehouse℠

Diane Johnson, Offer Letter, page 2 of 3 Revised

Mattress Warehouse provides for a variety of Company-paid benefits including basic life insurance with a buy-up option and short and long-term disability plans. A 401K plan with an employer matching contribution is also available after one year of service. You will be eligible to participate in the CareFirst Health Benefits program which includes prescription drug coverage and dental and vision options beginning October 1, 2017.

This offer is contingent upon the following:

- **Compliance with federal I-9 requirements**
- **Background clearance**
- **Execution of all standard New Hire forms and agreements, including the At Will Employment and Proprietary Information Agreement**
- **Non-Compete and Non-Solicitation Agreement**

Employment with Mattress Warehouse is At-Will and therefore not for a specific term and may be terminated by either you or Mattress Warehouse at any time without notice. The at-will nature of employment at Mattress Warehouse constitutes the entire agreement between you and Mattress Warehouse and any changes to these terms must be in writing and signed by you and the company's General Manager or the Director of Human Resources. **All compensation consideration in this agreement is <u>confidential</u> in nature, and any breach of confidentiality will result in disciplinary action, up to and including employment termination and/or adjustment in the terms of this agreement.**

To indicate your acceptance of Mattress Warehouse's offer, please sign and date this letter in the space provided below and return it to Peter Varcos within 48 Hours.

Sincerely,

*Eric Ciarrocchi*

Eric Ciarrocchi
Recruiting & Organizational Development
Mattress Warehouse

**MATTRESS Warehouse**℠

Diane Johnson, Offer Letter, Page 3 of 3, Revised

I have read this offer letter in its entirety and agree to the terms and conditions of employment.

_____

**Employee Signature /Date**

_____

**Employee Printed Name**

JS 44 (Rev 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
DIANE JOHNSON, on behalf of herself and others similarly situated

**(b)** County of Residence of First Listed Plaintiff  Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Winebrake & Santillo, LLC, 715 Twining Road, Suite 211, Dresher PA 19025. Ph (215) 884-2491. Other Counsel Listed in Complaint

## DEFENDANTS
MATTRESS WAREHOUSE, INC

20  891

County of Residence of First Listed Defendant  Frederick (MD)
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

Attorneys *(If Known)*
Unknown

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Fair Labor Standards Act
Brief description of cause:
Failure to pay overtime compensation

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____   DOCKET NUMBER _____

DATE 2/14/20
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # ___  AMOUNT ___  FEB 18 2020  APPLYING IFP ___  JUDGE ___  MAG JUDGE ___

FEB 18 2020

20-CV-891

GJP

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __5639 North 20th Street, Philadelphia, PA 19144__

Address of Defendant: __4949 New Design Road, Frederick, MD 21703__

Place of Accident, Incident or Transaction: __Philadelphia, PA__

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __2/14/20__   _/s/ Peter Winebrake_   __PA-80496__
                     *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I D # (if applicable)*

---

**CIVIL:** (Place a ✓ in one category only)

**A.** *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    *(Please specify)* __Fair Labor Standards Act__

**B.** *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify)* _____
7. ☐ Products Liability
8. ☐ Products Liability - Asbestos
9. ☐ All other Diversity Cases *(Please specify)* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Peter Winebrake__, counsel of record or pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs.

☐ Relief other than monetary damages is sought.

DATE: __2/14/20__   _/s/ Peter Winebrake_   __PA-80496__
                     PETER WINEBRAKE
                     *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I D # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ 609 (5/2018)

FEB 18 2020



# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

DIANE JOHNSON                     :    CIVIL ACTION
        v.                        :    **20    8914**  
MATTRESS WAREHOUSE, INC.          :    NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus - Cases brought under 28 U.S.C. § 2241 through § 2255.                        ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                              ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                       ( )

(e) Special Management - Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                          (X)

(f) Standard Management – Cases that do not fall into any one of the other tracks.              ( )

2/14/20              /s/ Peter Winebrake             PLAINTIFF
**Date**             **Attorney-at-law**             **Attorney for**

(215) 884-2491       (215) 884-2492                  pwinebrake@winebrakelaw.com
**Telephone**        **FAX Number**                  **E-Mail Address**

(Civ. 660) 10/02

FEB 18 2020