IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DIANE JOHNSON ON BEHALF OF HERSELF AND OTHERS SIMILARLY SITUATED,<br>           *Plaintiff*,<br>       v.<br><br>MATTRESS WAREHOUSE, INC.,<br>           *Defendant*. | CIVIL ACTION<br>NO. 20-891 |

**PAPPERT, J.**                                                                                                       **June 1, 2020**

### MEMORANDUM

Diane Johnson, on behalf of herself and others similarly situated, alleges that Mattress Warehouse, Inc. has not paid her or other similarly situated employees required overtime in violation of the Fair Labor Standards Act ("FLSA") and the Pennsylvania Minimum Wage Act ("PMWA"). (Compl., ECF No. 1.) Mattress Warehouse moves to dismiss Johnson's claims. (Def.'s Mot., ECF No. 4.) The Court denies its motion.

I

Johnson has been a Mattress Warehouse salesperson since sometime in Summer 2017. (Compl. ¶¶ 10-11.) She asserts that she and other salespeople are paid "the greater of (i) a base hourly rate multiplied by the number of hours worked during the [bi-weekly] pay period or (ii) the combined amount of bonuses and commissions during the pay period." (*Id.* ¶ 11.) Pursuant to the terms of her offer letter, her base hourly rate is set as "$13.50 (*no* overtime wages), *or* combined commissions & bonus incentives earned during any given pay period whichever amount (hourly rate or combined commissions and bonus) is greater . . . ." (*Id.* (emphasis in original); *see also* Compl. Ex.

A (Pl.'s Offer Letter).) Johnson alleges she and other salespeople regularly work over 40 hours per week without receiving overtime pay citing, as an example, 106.18 hours she was credited for working over the two weeks from February 10 to February 23, 2019. (Compl. ¶¶ 14-15.) She contends Defendant's compensation plan causes her and other salespeople to "work for long stretches of time without their purported commissions or bonuses ever having any impact on their pay." (*Id.* ¶ 11.) As an example, she notes she was paid "her 'base hourly rate multiplied by the number of hours worked' during every pay period between April 22, 2018 and October 6, 2018." (*Id.* at 13.)

In Count I of her Complaint, Johnson asserts an FLSA collective action claim and contends Defendant "acted willfully and with reckless disregard of clearly applicable FLSA provisions" by failing to pay her and similarly situated salespeople overtime premium compensation for all hours worked over 40 per week. (*Id.* ¶¶ 24-27.) In Count II, Johnson asserts a PMWA class action claim pursuant to Federal Rule of Civil Procedure 23, alleging "Defendant violated the PMWA by failing to pay" overtime compensation to her "and the Rule 23 class." (*Id.* ¶ 28-30.) She seeks payment of unpaid overtime wages, "[l]iquidated damages to the fullest extent permitted under the FLSA," attorneys' fees and litigation costs and expenses and any other relief deemed just and proper by the Court.

II

To satisfy Rule 12(b)(6) of the Federal Rules of Civil Procedure, Johnson's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when the facts pled "allow[ ] the court to draw the reasonable inference that [a] defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

When the Complaint includes well-pleaded factual allegations, the Court "should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 679).  However, this "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the U.S.*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted).  This plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (quoting *Connelly*, 809 F.3d at 786–87).

### III

Mattress Warehouse argues Johnson is not entitled to overtime pay under the FLSA or the PMWA, citing 29 U.S.C. § 207(i) and 34 Pa. Code § 231.43(f).  (Def.'s Br. at 5.)  These provisions provide exemptions from the FLSA and PMWA overtime mandate for retail employees.  Specifically, FLSA Section 7(i) states that "[n]o employer shall be deemed to have violated" the overtime mandate

> by employing any employee of a retail . . . establishment for a workweek in excess of the applicable workweek specified therein, if (1) the regular rate of pay of such employee is in excess of one and one-half times the minimum hourly rate applicable to him under section 206 of this title, and (2) more

3

> than half his compensation for a representative period (not less than one month) represents commissions on goods . . . .  In determining the proportion of compensation representing commissions, all earnings resulting from the application of a bona fide commission rate shall be deemed commissions on goods . . . without regard to whether the computed commissions exceed the draw or guarantee.

29 U.S.C. § 207(i).  The PMWA regulation exempts employers who "employ[ ] an employee of a retail . . . establishment in excess of 40 hours" from paying overtime

> if:  (1) The regular rate of pay of the employee is in excess of 1 ½ times the minimum hourly rate applicable.  (2) More than half of the employee's compensation for a representative period, not less than 1 month, represents commissions on goods . . . .  In determining the proportion of compensation representing commissions, all earnings resulting from the application of a bona fide commission rate shall be deemed commissions on goods . . . without regard to whether the computed commissions exceed the draw or guarantee.

34 Pa. Code § 231.43(f).[1]  "The employer has the burden of demonstrating that it is eligible for the retail commission exception."  *Parker v. NutriSystem, Inc.*, 620 F.3d 274, 277 (3d Cir. 2010).

Johnson asserts that because the retail commission exemptions are Defendant's affirmative defenses, it is premature to resolve their applicability on a motion to dismiss.  (Pl.'s Opp'n at 4.)  "Technically, the Federal Rules of Civil Procedure require a defendant to plead an affirmative defense . . . in the answer, not in a motion to dismiss."  *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014).  As one court in the Third Circuit has explained, "[t]he absence of an FLSA exemption is not a required element of Plaintiff's claim and therefore, Plaintiff need not plead facts which would permit a finder of fact to conclude that an exemption does not apply."  *Sloane v. Gulf*

---

[1] Johnson argues that the retail commission exemption codified at 34 Pa. Code. § 231.43(f) is invalid because the Pennsylvania Department of Labor and Industry lacked the statutory authority to create it (Pl.'s Opp'n at 7-10).  The Court need not reach this question.

4

*Interstate Field Servs., Inc.*, No. 15-1208, 2016 WL 878118, at *5 (W.D. Pa. Mar. 8, 2016). Other district courts in the Third Circuit have declined to rely on FLSA exemptions to support dismissal. *See Szewczyk v. United Parcel Serv., Inc.*, No. CV 19-1109, 2019 WL 5423036, at *4 (E.D. Pa. Oct. 22, 2019) (refusing to dismiss the Plaintiff's FLSA claim where one requirement for application of an exemption was "not manifest on the face of the Complaint"); *Jackson v. Sweet Home Healthcare,* No. 16-2353, 2017 WL 1333001, at *2 (E.D. Pa. April 5, 2017) ("Courts have uniformly held that unless it is apparent from the face of the complaint that an FLSA exemption applies, granting a motion to dismiss based on an exemption affirmative defense is inappropriate.") (citations omitted); *Anzaldua v. WHYY, Inc.*, 160 F. Supp. 3d 823, 828 (E.D. Pa. 2016) (denying a motion to dismiss where the applicability of an FLSA exemption was "not apparent from the face of Plaintiff's complaint"); *Southerton v. Borough of Honesdale*, 17-0165, 2018 WL 1035774, at *5 (M.D. Pa. Feb. 23, 2018) (declining to dismiss a plaintiff's FLSA claim where the complaint's allegations left the court "unable to say with certainty . . . that the administrative exemption from the overtime requirement is applicable").

Mattress Warehouse argues Johnson's earnings statements, although not attached to her Complaint, support dismissal because they make it "apparent" that the FLSA and PMWA retail commission exemptions apply to bar her claims. (Def.'s Reply at 5-7.) On a motion to dismiss "courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint, and matters of public record." *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (quoting *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)). But the

5

Court may consider documents that are "*integral to or explicitly relied upon* in the complaint" without converting the motion into a motion for summary judgment.[2] *Schmidt*, 770 F.3d at 249 (emphasis in original) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)). Defendant argues Johnson's paystubs are "integral" to her Complaint even though she does not explicitly cite them because her Complaint references "information she could only have obtained from her earnings statements" – for example, "that she was credited for having worked 106.18 hours for the pay period of February 10, 2019 to February 23, 2019 . . . ." (Def.'s Br. at 8-9.) Defendant uses information obtained from Johnson's paystubs to calculate the percentage of her income deriving from commissions and bonuses for the pay periods from July 7, 2017 to June 30, 2018 (57.8 percent), July 1, 2018 to June 29, 2019 (62.4 percent) and June 30, 2019 to February 8, 2020 (66.5 percent). (Def.'s Br. at 4.) From these calculations, it argues Johnson's pay stubs "definitively establish" that "more then half of the compensation [Johnson] earned during Mattress Warehouse's one-year representative period came from sales commissions." (*Id.* at 11.) It asserts that it uses a payment structure that "guarantees [Johnson] will always earn a minimum amount of $13.50 per hour" or "one and one-half times the state and federal minimum wage of $7.25 per hour."[3] (*Id.* at 15.)

---

[2] Lack of notice, the primary issue created by consideration of documents outside the Complaint, is lessened "[w]here the plaintiff has actual notice . . . *and* has relied upon these documents in framing the complaint." *Schmidt*, 770 F.3d at 249 (citation omitted).

[3] According to Mattress Warehouse, Johnson's pay "is comprised *solely* of commissions and bonuses when the total of [her] commissions and bonuses *meets or exceeds* the equivalent of $13.50 per hour for each hour she worked during the pay period." (Def.'s Br. at 15 (emphasis in original.) When "the dollar amount of [her] commissions and bonuses is lower than the equivalent of $13.50 per hour for each hour she worked during the pay period, [her] pay is comprised of commissions and bonuses *plus* a supplemental payment ('the build') in the precise amount necessary to ensure

Johnson counters that for the retail service exemptions to apply, Mattress Warehouse must prove that "the fee paid the employee" is "based on a *bona fide commission rate*." (Pl.'s Opp'n at 5 (emphasis in brief).) *See Parker*, 620 F.3d at 278 (quoting 29 U.S.C. § 207(i); accord 34 Pa. Code § 231.43(f)(2). Under FLSA's regulations,

> A commission rate is not bona fide if the formula for computing the commissions is such that the employee, in fact, always or almost always earns the same fixed amount of compensation for each workweek (as would be the case where the computed commissions seldom or never exceed the amount of the draw or guarantee).

29 C.F.R. § 779.416(c). Johnson argues the paystubs attached to Defendant's motion only "confirm that [her] employment included long stretches during which her compensation equaled the guaranteed 'base hourly rate' of $13.50 because her work hours were so long and her purported commissions were so low" and do not make operation of the retail commission exemptions "apparent." (Pl.'s Opp'n at 6, citing ECF No. 4-1 at 23-34 and 39-51.) To determine whether commission payments are "bona fide," it is necessary to consider payments over the course of a "representative period." 29 C.F.R. § 779.417. FLSA

> does not define a representative period, but plainly contemplates a period which can reasonably be accepted by the employer, the employee, and disinterested persons as being truly representative of the compensation aspects of the employee's employment on which this exemption test depends. A representative period within the meaning of this exemption may be described generally as a period which typifies the total characteristics of an employee's earning pattern in his current employment situation, with respect to the fluctuations of the proportion of his commission earnings to his total compensation.

29 C.F.R. § 779.417(a). Johnson asserts that "[d]eciding whether Defendant satisfied

---

[Johnson] is paid a minimum of $13.50 per hour for each hour she worked during the pay period.") (*Id.* at 15-16 (emphasis in original).)

7

29 C.F.R. § 779.416(c) during an appropriate 'representative period' as determined under 29 C.F.R. § 779.417(a) requires discovery and far more analysis than can be gleaned from the pleadings."  (Pl.'s Opp'n at 7.)

Mattress Warehouse says the FLSA "regulations contemplate that the *employer* selects the representative period for the retail commissions exemption," citing 29 C.F.R. § 779.417(d), which provides that the period "must be chosen . . . in the employer's records" and 29 C.F.R. § 516.16(b), which requires employers to "maintain" "[a] copy of the agreement or understanding . . . [or] a memorandum summarizing . . . the applicable representative period."  Neither provision, however, overrides the requirement that the representative period should "reasonably be accepted by the employer, the employee and disinterested persons as being truly representative of the compensation aspects of the employee's employment . . . ."  29 C.F.R. § 779.417(a).  The Court cannot determine whether the representative period used in Mattress Warehouse's calculations is appropriate by looking at the allegations in Johnson's complaint or by reviewing the paystubs attached to the motion to dismiss.

Defendant argues "case law is dispositive regarding whether a commission is not 'bona fide.'"  (Def's Reply Br. at 6 (citation omitted).)  It contends that, "[a]s a matter of law, if an employee's commissions exceed the draw or guarantee at least 10% of the time, they do not "seldom or never" exceed the draw or guarantee."  (*Id.*)  To support its argument, however, Mattress Warehouse relies on summary judgment decisions from district courts outside of the Third Circuit.  *See Crawford v. Saks & Co.*, No. 14-3665, 2016 WL 3090781, at *4 (S.D. Tex. June 2, 2016); *McAnnich v. Monro Muffler Brake Inc.*, 799 F. Supp. 2d 807, 818 (S.D. Ohio 2011); *Lee v. Ethan Allen Retail, Inc.*, 651 F.

Supp. 2d 1361, 1367 (N.D. Ga. 2009); *Herman v. Suwannee Swifty Stores, Inc.*, 19 F. Supp. 2d 1365, 1369 (M.D. Ga. 1998). Mattress Warehouse's reliance on decisions at the summary judgment stage shows that discovery is required before the Court can decide whether the retail commission overtime exemptions bar Johnson's claims. *Cf. Sloane*, 2016 WL 878118, at *5 ("Federal courts have held that whether a plaintiff falls within a particular exemption under the FLSA overtime provision constitutes a mixed question of law and fact, and ultimately requires courts to examine the historical and record facts); *Haskins v. VIP Wireless Consulting*, 09-754, 2009 WL 4639070, at *6 (W.D. Pa. Dec. 7, 2009) ("[W]hether an employee is exempt from overtime provisions is a mixed question of law and fact to be resolved by the court. . . . [S]uch a detailed fact-intensive analysis is impossible at this stage of the litigation.").

Even if Johnson's paystubs are integral to her complaint such that they can be considered at this stage of the litigation, the Court is not convinced that they make it "apparent" that Johnson's FLSA and PMWA claims should be dismissed based on Defendant's assertion of the "retail commission overtime exemption" affirmative defense. FLSA exemptions are construed "narrowly against the employer." *Davis v. Mountaire Farms, Inc.*, 453 F.3d 554, 556 (3d Cir. 2006); *see also Boone v. Solid Wood Cabinet Co., LLC*, No. 17-4333, 2018 WL 2455924, at *3 (D.N.J. June 1, 2018) (explaining that Courts should construe the retail overtime "exemption narrowly, i.e., in favor of the employee and against the employer").

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.

9