IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DIANE JOHNSON, on behalf of herself and others similarly situated, | : : : 2:20-cv-00891-GJP |
| Plaintiff, | : |
| v. | : : |
| MATTRESS WAREHOUSE, INC., | : : |
| Defendant. | : : |

**PLAINTIFF'S SUPPLEMENTAL BRIEF**
**PER THE COURT'S AUGUST 4, 2021 ORDER**

After oral argument regarding summary judgment, the Court (i) directed the parties to file briefs "addressing the appropriate weight and deference to be given to the relevant Department of Labor regulations" and (ii) permitting the parties "to supplement their arguments about which party bears the burden of proof to establish the elements of the FLSA and PMWA exemptions for commissioned retailed sales employees." ECF No. 29. Plaintiff addresses these issues below:

### A. Burden of Proving FLSA Exemptions.

For many years, federal courts observed that FLSA exemptions "must be construed narrowly against the employer." *Mazzarella v. Fast Rig Support, LLC*, [823 F.3d 786](#), 790-91 (3d Cir. 2016). Then, in *Encino Motorcars, LLC v. Navarro*, __ U.S. __, [138 S. Ct. 1134](#), (2018), the Supreme Court observed that "there is no reason to give [FLSA exemptions] anything other than a fair (rather than a 'narrow') interpretation." *Id.* at 1142 (internal quotations omitted).

Defendant argues that *Encino* alters the rule that employers bear the burden of proving FLSA exemptions. As discussed below, this argument is wrong:

    In case after case, courts explain that *Encino* does not shift the burden of proof to the

employee.  As the Fifth Circuit explained a few weeks ago: "We give FLSA exemptions a 'fair reading,' not a narrow one. But the burden of establishing an exemption remains with the employer, who must do so by a preponderance of the evidence." *Hobbs v. Evo Inc.*, __ F. 4th __, 2021 WL 3161821, 2021 U.S. App. LEXIS 22274, *9 (5th Cir. July 27, 2021) (citing *Encino* and *Adams v. All Coast, L.L.C.*, 988 F.3d 203, 206 (5th Cir. 2021)); *see also Latham v. High Mesa Communications*, 2020 WL 1626976, 2020 U.S. Dist. LEXIS 60455, *3 (D. Colo. Feb. 7, 2020) ("notwithstanding *Encino*, the employer still has the burden of showing the exemption applies"); *Carrera v. EMD Sales, Inc.*, 402 F. Supp. 3d 128, 146 (D. Md. 2019) ("nothing in the *Encino* decision relates to evidentiary burdens"); *Flores v. City of San Gabriel*, 2018 WL 8017788, 2018 U.S. Dist. LEXIS 225258, *10 n.1 (C.D. Cal. Nov. 5, 2018) ("after *Encino*, the assertion of overtime exemptions remains an affirmative defense and the employer still carries the burden of establishing that it qualifies for an exemption").

So it is unsurprising that Pennsylvania district courts consistently read *Encino*'s "fair reading" rule within the context of the *employer*'s continued burden of proving FLSA exemptions.  *See*, *e.g.*, *Clark v. Delaware Valley School*, 450 F. Supp. 3d 551, 564 (M.D. Pa. 2020); *Carter v. City of Philadelphia*, 417 F. Supp. 3d 639, 644 (E.D. Pa. Oct. 17, 2019); *Jones v. Giant Eagle, Inc.*, 2019 WL 5073661, 2019 U.S. Dist. LEXIS 142135, *8-14 (W.D. Pa. Aug. 20, 2019) *Kotowski v. JGM Fabricators & Erectors, Inc.*, 2019 WL 3456591, 2019 U.S. Dist. LEXIS 127937, *17 (E.D. Pa. July 30, 2019); *Carter v. Sungard Availability Services, LP*, 2019 WL 1114896, 2019 U.S. Dist. LEXIS 38275, *12 (E.D. Pa. Mar. 11, 2019).

The above cases bring an end to Defendant's argument that employees bear the burden of proving FLSA exemptions and its even-more-radical argument that, at the summary judgment stage, a *non-moving employee* somehow bears the burden of proving that she is not exempt.  As

Judge Joyner observed at the summary judgment stage in *Carter*, *supra*: "The burden of proving these exemptions is on the employer, and ***if the record is unclear as to some exemption requirement, the employer will be held not to have satisfied its burden***." *Carter*, 417 F. Supp. 3d at 644 (citing cases) (emphasis supplied); *accord Clark*, 450 F. Supp. 3d at 564.

### B. Burden of Proving PMWA Exemptions.

Defendant's burden is even heavier under the PMWA, which requires that exemptions be "narrowly construed against the employer." *Itterly v. Family Dollar Stores, Inc.*, 606 F. Appx. 643, 645 (3d Cir. 2015); *Cerutti v. Frito Lay, Inc.*, 777 F. Supp. 2d 920, 926-27 (W.D. Pa. 2011) (employer must prove that PMWA exemption "unmistakably" applies); *King v. Dolgencorp, Inc.*, 2010 WL 9475736, 2010 U.S. Dist. LEXIS 140302, *24-25 (M.D. Pa. May 6, 2010) (employer must prove that PMWA exemption "plainly and unmistakably" applies).

The undersigned is unaware of any decision addressing whether *Encino*'s "fair reading" rule should be read into PMWA jurisprudence. However, it seems highly unlikely that such a rule – which was endorsed by only 5 of the 9 U.S. Supreme Court justices, *see* 138 S. Ct. at 1148 n. 7 (Ginsburg, J. dissenting) – would be adopted by the Pennsylvania Supreme Court. Indeed, our State Supreme Court repeatedly construes the PMWA as a profoundly remedial statute that must be construed in favor of employees without regard to competing FLSA principles. *See Heimbach v. Amazon.com, Inc.*, __ A.3d __, 2021 WL 3059773, 2021 Pa. LEXIS 3047 (Pa. July 21, 2021); *Chevalier v General Nutrition Centers, Inc.*, 220 A.3d 1038 (Pa. 2019); *Bayada Nurses, Inc. v. Commonwealth of Pennsylvania*, 8 A.3d 866 (Pa. 2010). As the Court recently emphasized, "'the General Assembly did not mince words in stating its purpose and fervently indicating its intent to use the Commonwealth's police power to increase employee wages.'" *Heimbach*, 2021 Pa. LEXIS 3047, at *19 (quoting *Chevalier*, 220 A.3d at 1055). As such, the

PMWA often "is not bound by" U.S. Supreme Court jurisprudence. *See id.* at *21-22.

**C. Weight and Deference to be Given the Regulations.**

Even though judges and lawyers generally refer to all the provisions in the Code of Federal Regulations ("CFR") as "regulations," the CFR provisions applicable to the FLSA actually consist of both "Regulations," *see* 29 C.F.R. Parts 500-697, and "Interpretations," *see id.* at Parts 775-794. The Third Circuit has generally observed that Department of Labor ("DOL") Interpretations are entitled to "*Skidmore* deference." *See, e.g.*, *Secretary U.S. Dept. of Labor v. American Furniture Systems, Inc.*, 873 F.3d 420, 426 (3d Cir. 2017) (noting parties' agreement that *Skidmore* deference applies to 29 C.F.R. § 785.18); *Babcock v. Butler County*, 806 F.3d 153, 157 n. 7 (3d Cir. 2015) (*Skidmore* deference applies to 29 C.F.R. § 785.19(a)); *Madison v. Resources for Human Development, Inc.*, 233 F.3d 175, 185-87 (3d Cir. 2000) (*Skidmore* deference applies to 29 C.F.R. § 785.215(a)(5)).

In this lawsuit, we are primarily dealing with provisions contained in 29 C.F.R. Part 779. Although the Third Circuit has not specifically addressed the level of deference owed to such interpretations, *Skidmore* principles presumably apply. Such a presumption is based on the Part's placement under the "Interpretations" heading as well as DOL's own pronouncement that *Skidmore* deference applies, *see* 29 C.F.R. § 779.9.

Under *Skidmore*, "while it is true that [the interpretations in 29 C.F.R. Part 779] are not technically 'law,' the regulations nevertheless 'constitute a body of experience and informed judgment to which courts and litigants may properly resort for guidance.'" *American Furniture*, 873 F.3d at 427 (quoting *Babcock*, 806 F.3d at 157 n.7 (quoting *Skidmore v. Swift Co.*, 323 U.S. 134, 140 (1944))). In determining the level of deference owed under *Skidmore*, courts consider "whether the interpretation is: (1) issued contemporaneously with the statute; (2) consistent with

other agency pronouncements; (3) reasonable given the language and purposes of the statute; (4) within the expertise of the relevant agency; and (5) part of a longstanding and unchanging policy. *Id.*

With the above principles in mind, we turn to the deference owed to 29 C.F.R. § 779.416(c) – which provides that a "commission rate is not *bona fide* if the formula for computing the commissions is such that the employee, in fact, always or almost always earns the same fixed amount of compensation for each workweek (as would be the case where the computed commissions seldom or never exceed the amount of the draw or guarantee)" – and 29 C.F.R. § 779.417 – which addresses the manner by which employers should determine and inform employees of the "representative period" applicable to a commission payment plan. As discussed below, consideration of the five factors described in *American Furniture* weighs heavily in favor of deference:

1. **The interpretations were issued contemporaneously with the statute.**

Here, all of the interpretations within 29 C.F.R. Part 779 were enacted "contemporaneously" with the statutory "retail sales" exemption currently codified at 29 U.S.C. § 207(i). Congress enacted the retail sales exemption to overtime pay in 1961, *see* Pub. L. No. 87-30, § 6(g), 75 Stat. 65, 70 (May 5, 1961), and added the "*bona fide* commission" language in September 1966, *see* Pub. L. 89-601. § 402, 80 Stat. 830, 842 (Sept. 23, 1966). Less than four years later – in April 1970 – DOL issued 29 C.F.R. Part 779. *See* 35 FR 5856 (Apr. 9, 1970). Such a brief time-lag in the context of 54-year-old statutory language should be deemed "contemporaneous."

2. **The interpretations are consistent with other DOL pronouncements.**

The interpretations at 29 C.F.R. §§ 779.416(c) and 779.417 are consistent with other

agency pronouncements. In *American Furniture*, the Third Circuit found that this factor favored deference where the DOL had issued Opinion Letters applying the pertinent interpretive provisions as written. Such is the case here. *See* [FLSA2005-53](#) (Nov. 14, 2005) (applying 29 C.F.R. § 779.416(c)); *see also* [DOL Wage and Hour Division Fact Sheet #20](#) (describing "representative period" in manner consistent with 29 C.F.R. § 779.417).

### 3. The interpretations are reasonable given the language and purposes of the statute.

In *Herman v. Suwannee Swifty Stores, Inc.*, [19 F. Supp. 2d 1365](#) (M.D. Ga. 1998), the district court cogently explained that 29 C.F.R. § 779.416(c) furthers the legislative purpose behind the FLSA's "retail sales" exemption codified at 29 U.S.C. § 207(i):

> It appears that Suwannee also argues DOL's interpretation was not based on a permissible construction. The defendant asserts that when determining whether an employer used a *bona fide* commission rate, the DOL cannot consider whether an employee could meet the amount of the guarantee. This Court disagrees – such an interpretation of this statute is too broad. Congress addressed what should be considered as commissions, which differs [from] whether a commission rate is *bona fide*. Congress did not state that any commission rate was fine as long as it used the above two requirements. Instead, it limited the exception to ensure employers would create a commission rate in good faith. Since Congress did not specify a definition of "*bona fide*" for this section, the DOL did so through section 779.416(c). The DOL's interpretation is consistent with the purpose of passing an exception to overtime by paying commissions. The whole premise behind earning a commission is that the amount of sales would increase the rate of pay. Thus, employees may elect to work more hours so they can increase their sales, and in turn, their earnings. When a commission plan never affects the rate of pay, the purpose behind using a commission rate also fails.
>
> In the case at hand, the number of hours worked, rather than the amount of sales, determined most managers' pay. The defendant's interpretation of the statute would defeat the purpose behind creating a commission exception to overtime. Moreover, by adopting the defendant's interpretation of the word "*bona fide* commission rate," any employer in the service or retail business section could create a "commission rate" and set it to ensure that their employees' pay would never meet the guaranteed rate, thus protecting themselves from paying overtime consistent with the purposes of the Act. Further, the DOL could never review whether it was even possible to exceed the guaranteed rate. . . . The DOL's interpretation is consistent with and promotes the purposes of the creating a commission-based exception. Their interpretation ensures

> that employers use a commission rate that has the ability to affect one's pay – not merely creating a loophole around not paying overtime compensation. Therefore, this Court finds that DOL's interpretation was not based on an impermissible construction and section 779.416(c) can be used to define "bona fide commission rate."

*Id.* at 1371. Plaintiff submits that the above analysis is well-reasoned and demonstrates that 29 C.F.R. § 779.416(c) is consistent with the retail sales exemption's legislative purpose.

Moreover, courts repeatedly cite to and rely upon the pertinent DOL interpretations in deciding whether commissions paid to employees are *bona fide*. For example, in *Parker v. NutriSystem, Inc.*, 620 F.3d 274 (3d Cir. 2010), our Court of Appeals specifically referenced § 779.416(c) in evaluating an employer's commission plan. *See id.* at 279 n.3 and 283 n.4. Likewise, other courts have specifically analyzed § 779.416(c) in evaluating whether commission payments satisfy the retail sales exemption. *See e.g.*, *Han Ngoc Le v. Anthony Vince Nail Spa, LLC*, 2017 U.S. Dist. LEXIS 216843, *9-10 (S.D. Fla. Nov. 27, 2017); *McAninch v. Monro Muffler Brake, Inc.*, 799 F. Supp. 2d 807, 818-19 (S.D. Ohio 2011); *Spicer v. Pier Sixty LLC*, 269 F.R.D. 321, 333-34 (S.D.N.Y. 2010). Plaintiff submits that the judiciary's continued reliance on § 779.416(c) in determining whether a commission is *bona fide* weighs heavily in favor to deferring to the interpretation.

The same holds true for the DOL's "representative period" interpretation at 29 C.F.R. § 779.417. Courts have expressly applied this interpretation in analyzing commission payments. *See e.g.*, *Bitner v. Wyndham Vacation Resorts, Inc.*, 2016 WL 7480428, 2016 U.S. Dist. LEXIS 179661, *54-56 (W.D. Wis. Dec. 29, 2016); *Duarte v. Perez*, 2016 WL 11566245, 2016 U.S. Dist. LEXIS 196211, *11-15 (M.D. Fla. Oct. 31, 2016); *Spicer*, 269 F.R.D. at 334; *Johnson v. TGF Precision Haircutters, Inc.*, 2005 WL 1994286, 2005 U.S. Dist. LEXIS 44259, *26-29 (S.D. Tx. Aug. 17, 2005). Such judicial reliance on § 779.417 demonstrates the continued utility

of this long-standing DOL interpretation.

### 4. The interpretations are within the expertise of the relevant agency.

In *American Furniture*, the Court cited 29 U.S.C. § 204(a) – which created the DOL's Wage and Hour Division – in summarily concluding that its interpretations fall "well within the [Division's] expertise." *See* 873 F.3d at 429 n.46; *see also Long Island Care at Home, Ltd. v. Coke*, 551 U.S. 158, 165 (2007) (Congress entrusted DOL "with the power to fill [FLSA's] gaps through rules and regulations"). Here, there can be little doubt that the subject matter of 29 C.F.R. §§ 779.416(c) and 779.417 falls squarely within DOL's expertise.

### 5. The interpretations are part of a longstanding and unchanging policy.

The *American Furniture* Court found that *Skidmore* deference was supported by the fact that the pertinent interpretation had remained unchanged since its implementation in 1961. *See* 873 F.3d at 426. Here, the interpretations at 29 C.F.R. §§ 779.416(c) and 779.417 have remained unchanged since 1970. *See* 35 FR 5856 (Apr. 9, 1970). This 51-year period of stability certainly represents a "longstanding and unchanging policy."

**In sum**, the DOL's interpretations at 29 C.F.R. §§ 779.416(c) and 779.417 deserve the highest level of *Skidmore* deference. There is no reason for this Court to define the parameters of a "*bona fide* commission" when the DOL already has done so through interpretive guidance that has been in effect for many years and has been relied upon by other federal courts.

Date: August 13, 2021

Respectfully,

*/s/ Peter Winebrake*

Peter Winebrake
R. Andrew Santillo
Mark J. Gottesfeld
Michelle Tolodziecki
Winebrake & Santillo, LLC
715 Twining Road, Suite 211

Dresher, PA 19025
(215) 884-2491

*Plaintiff's Lawyers*